

Hogan Lovells US LLP
1735 Market Street, 23rd Floor
Philadelphia, PA 19103
T  +1 267 675 4600
F  +1 267 675 4601
www.hoganlovells.com

May 7, 2025

**VIA ECF**
The Honorable Robert Kirsch, U.S. District Judge
U.S. District Court for the District of New Jersey
402 East State Street
Trenton, New Jersey 08608

> Re:   *Save Long Beach Island, Inc. et al. v. United States Department of Commerce, et al.*, **Civil Action No. 3:25-cv-00240-RK-TJB**

Dear Judge Kirsch:

We represent Intervenor-Defendant Atlantic Shores[1] in the above-referenced matter. Please consider this letter an update to our submission, dated February 18, 2025 (dkt no. 11), requesting a pre-motion conference prior to moving to dismiss certain Plaintiff parties and claims in Plaintiffs' original Complaint (dkt no. 1) for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and/or failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Plaintiffs on April 23, 2025, filed an Amended Complaint (dkt no. 19), which, like the original Complaint, challenges under the Administrative Procedure Act ("APA") multiple approvals that Atlantic Shores received from the Federal Defendants[2] for its Atlantic Shores South Project (the "Project"), a multi-billion dollar offshore wind energy project that is critical to state and federal economic, job creation, and domestic energy needs. The Amended Complaint eliminates from Plaintiffs' original Complaint a claim under the Clean Air Act ("CAA"), which was one of the causes of action Atlantic Shores' earlier letter sought leave to move to dismiss. Atlantic Shores thus no longer seeks leave to move to dismiss that count. However, the Amended Complaint maintains all of the other causes of action and all of the individuals and entities named as Plaintiffs in the original Complaint. Accordingly, Atlantic Shores now seeks leave to file a targeted motion to dismiss addressing the remaining deficiencies in the Amended Complaint that were the subject of Atlantic Shores' prior letter.

*First*, pursuant to Rule 12(b)(1) and/or Rule 12(b)(6), Atlantic Shores seeks to dismiss all claims by certain Plaintiffs – Miss Belmar Whale Watching Inc., Kline Brothers Landscaping, Coastal Living Real Estate Group, Captain Mike Young, Sea Shell Resort, and LBT10 Taxpayers

---

[1] "Atlantic Shores" refers to Atlantic Shores Offshore Wind, LLC, and the following entities of which it is the sole member and a member manager: (1) Atlantic Shores Offshore Wind Project 1, LLC, which is the developer of Atlantic Shores South Project - Project 1 under Lease OCS-A 0499; and (2) Atlantic Shores Offshore Wind Project 2, LLC, which is the developer of Atlantic Shores South Project - Project 2 under Lease OCS-A-0499, now designated OCS-A 0570.

[2] "Federal Defendants" means the U.S. Department of Commerce; Secretary of Commerce, National Marine Fisheries Service ("NMFS"); Assistant Administrator of NMFS; Bureau of Ocean Energy Management ("BOEM"); the Director of BOEM; U.S. Department of the Interior; and Secretary of the Interior.

The Honorable Robert Kirsch - 2 - May 7, 2025

Association (the "Barred Plaintiffs") – because these Plaintiffs failed to satisfy the statutory pre-condition to sue that requires participation in the public comment process for the challenged agency actions.

The Fixing America's Surface Transportation Act ("FAST-41") precludes judicial review of challenges to "covered projects" like Atlantic Shores' by any person who did not participate in the public comment process. *See* 42 U.S.C.A. § 4370m-6(a)(1)(B)(i). The Amended Complaint and federal public records show that only Plaintiffs Save Long Beach Island ("SLBI"), Robert Stern, Ph.D., Garden State Seafood Association, and Vacation Rentals Jersey Shore, LLC submitted comments during the Project's environmental review process. *See* Am. Compl. ¶¶ 40-41, 47 n.6, 61, 79; Final Environmental Impact Statement App. N at N-764 to N-791. By contrast, the Amended Complaint does not and cannot allege that the Barred Plaintiffs submitted public comments. To the extent Plaintiffs contend that this requirement could be satisfied "if sufficiently presented by others[,]" dkt no. 12 at 2, that contention is baseless. It ignores the critical difference between FAST-41 subsection (B)(i), which limits which "party" may file a claim, and subsection (B)(ii), which addresses the requirement of "notice" by "any commenter" to the lead agency. And allowing non-commenting parties to satisfy the subsection (B)(i) requirement simply because they are "strong supporters of" those that commented, dkt no. 12 at 1, would contradict the requirement's plain language and undermine Congress' clear intent to streamline and narrow any litigation challenging FAST-41 project authorizations. *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, No. 17-CV-4-FL, 2017 WL 3908093, at *6 (E.D.N.C. Sept. 5, 2017). As a result, FAST-41 precludes all claims by the Barred Plaintiffs. *Cf. Erlbaum v. N.J. Dep't of Env't Prot.*, No. 16-8198 (RMB/JS), 2017 WL 465466, at *14 (D.N.J. Feb. 3, 2017) ("By failing to submit their concerns … during the public … comment process, Plaintiffs have not met their burden of proof that they did not waive their objections").

*Second*, as to all Plaintiffs, Atlantic Shores under Rule 12(b)(6) seeks dismissal of the Amended Complaint's Fourth Cause of Action, for violation of the APA and the Coastal Zone Management Act ("CZMA") because Plaintiffs have not pleaded, and cannot plead, the requisite elements of this cause of action.

The CZMA gives the Federal Defendants in this case no power to second-guess New Jersey's determination that the Project is consistent with its CZMA program. When a proposed offshore development may impact the coastal zone of a state with an approved CZMA program, the CZMA requires the developer to provide "a certification that each activity … complies with the enforceable policies of such state's approved management program and will be carried out in a manner consistent with such program." 16 U.S.C.A. § 1456(c)(3)(B). The state is then afforded an opportunity to "concur" with or "object" to the plan proponent's consistency certification. *Id*. § 1456(c)(3)(A). If the state concurs, there is no federal agency review of the state's concurrence. Rather, only where the state objects, or fails to concur, may the federal agency override the state's determination. *See id*. § 1456(c)(3); *see also, e.g.*, *AES Sparrows Point LNG, LLC v. Smith*, 527 F.3d 120, 123 (4th Cir. 2008).

Here, pleaded facts establish that New Jersey did not object to Atlantic Shores' consistency certification. Rather, as Plaintiffs admit, New Jersey "issued a consistency determination for the Project" pursuant to the CZMA. Am. Compl. ¶ 211. Thus, notwithstanding Plaintiffs' claim that New Jersey's determination "is not supported by the record," *id.*, the Federal Defendants had no

statutory or regulatory authority to evaluate in any way, much less override, that determination.[3] Plaintiffs' contrary theory is predicated on a part of the CZMA, Section 307(c)(1), Am. Compl. ¶ 208, which does not apply, because the Project is reviewed under Section 307(c)(3). *See, e.g.*, *Env't Def. Ctr. v. Bureau of Ocean Energy Mgmt.*, 36 F.4th 850, 885-86 (9th Cir. 2022) (the CZMA "specifically provides" that, "[i]f a proposed federal agency activity can be reviewed under § (c)(3), … it cannot be reviewed under § (c)(1)."). Plaintiffs fail to state a CZMA claim.

\*\*\*

For all of these reasons, a motion to dismiss by Atlantic Shores is appropriate and will streamline the case for ultimate resolution on summary judgment of the remaining claims. As the requested motion to dismiss addresses fewer than all claims in the case, the parties have agreed, and the Court has approved, a schedule for answering remaining claims following the Court's ruling on the requested motion to dismiss in accordance with Local Rule 12.2 (dkt. no. 22).

Respectfully submitted,

*/s/ Courtney Devon Taylor*
Courtney Devon Taylor
(NJ Bar No. 037022008)

cc: Counsel of Record

---

[3] As result, *State of N.Y. v. DeLyser*, 759 F. Supp. 982, 984 (W.D.N.Y. 1991) is easily distinguishable. Dkt no. 12 at 2. In *DeLyser*, the state of New York objected to a proposed development in its coastal zone and the developer asked the federal government to override New York's objection under Section 307(c)(3). 759 F. Supp. at 984, 989.